**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAVID LYNN STEWART**                                                                              **PETITIONER**

v.                                              No. 4:24-cv-00556-BSM-JTK

**DEXTER PAYNE, Director,**
Arkansas Division of Correction                                                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

*

David Lynn Stewart seeks *habeas* relief from his convictions and sentences entered by the Crawford County Circuit Court in 17CR-19-27. After being charged with rape and second-degree assault arising from sexual contact with a child under the age of fourteen, *Doc. 7-4,* Stewart entered a negotiated guilty plea to two counts of second-degree sexual assault, *Docs. 7-2 & 7-5*. At the plea hearing, he admitted that he had engaged in sexually deviant activity with his seven-year-old granddaughter on at least two occasions. *Doc. 7-2 at 6.* Stewart was sentenced to an aggregate term of twenty-five years' imprisonment. Two conditions were imposed: "[Stewart] to complete RSVP [Reduction of Sexual Victimization Program] while in ADC. No contact with victim." *Doc. 7-3 at 3.* The sentencing order was entered on December 27, 2019. *Doc. 7-3.* Stewart did

not appeal the judgment or seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. On February 10, 2023, Stewart filed a *pro se* state *habeas* petition in the Jefferson County Circuit Court. *Doc. 7-6.* The circuit court dismissed the petition, and the Arkansas Supreme Court affirmed, *Stewart v. Payne,* 2024 Ark. 48, 686 S.W.3d 508. On July 1, 2024, Stewart filed his federal *pro se habeas* petition. *Doc. 2.* The undersigned recommends the petition be dismissed based on untimeliness.

*

Stewart raises three claims. First, he argues that his second-degree sexual assault convictions violate double jeopardy because the two counts arose from a single contact and a single victim. Second, he contends the sentencing order is illegal because it imposes the condition that he complete RSVP while in prison. Third, Stewart argues there was a due-process violation when the prosecution "constructively amended [the] information" to charge him with two counts of second-degree sexual assault instead of one count of rape and one count of second-degree sexual assault. *Doc. 2 at 7.*

*

Payne contends the *habeas* petition was filed outside the one-year *habeas* limitations period and therefore should be dismissed. The limitations period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Stewart did not seek direct review of the judgment entered on December 27, 2019, the judgment became final on January 26, 2020, thirty days after the judgment was entered. Ark. R. App. P.–Crim. 2(a). The one-year limitations period therefore began running on January 27, 2020. 28 U.S.C. § 2244(d)(1)(A). *See* Fed. R. Civ.

2

P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period). The limitations period expired on January 27, 2021, absent any statutory tolling periods.

The limitations period is tolled when a properly filed application for "State post-conviction or other collateral review" of the judgment is pending. 28 U.S.C. § 2244(d)(2). Because Stewart filed the state *habeas* petition on February 10, 2023, after the *habeas* limitations period had expired, the state court petition cannot toll the limitations period. *Jackson v. Ault,* 452 F.3d 734, 735–36 (8th Cir. 2006). When Stewart filed the federal *habeas* petition on July 1, 2024, the limitations period had already expired on January 27, 2021. The petition therefore was not timely filed.

Stewart contends the limitations period does not bar his petition because he believed that his trial lawyer, the prosecution, and the trial judge "knew what they were talking about" at his plea hearing when he entered a negotiated guilty plea to two counts of second-degree sexual assault. *Doc. 2 at 4, 11.* He says that he was "lulled into inaction" and did not discover the constitutional violations underlying his *habeas* claims until after the one-year limitations period had expired. *Doc. 2 at 11.* Stewart summarily states that "[m]isrepresentation and deceit were the cause for the lapse." *Doc. 2 at 11.* Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008) (quotations omitted). Stewart has not pointed to any extraordinary circumstance that prevented timely filing of the petition. *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (quotations omitted).

Stewart also states that he is actually innocent of one count of second-degree assault because there was only one incident. The United States Supreme Court has held that, when the petition is not timely filed under § 2244(d)(1)(D), the time bar can be overcome by a showing of

3

actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

Stewart has not demonstrated actual innocence to overcome the expiration of the limitations period. He has not presented "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. Because Stewart has not presented new reliable evidence demonstrating actual innocence, the undersigned concludes that the *habeas* petition is time-barred and therefore should be dismissed.

*

IT IS THEREFORE RECOMMENDED THAT: (1) Stewart's petition be DISMISSED with prejudice, *Doc. 2*; and (2) a certificate of appealability be DENIED.

DATED this 14th day of July, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE